Bradshaw *v.* Hubbard *et al.*

WILLIAM F. BRADSHAW appellant, *v.* GURDON S. HUBBARD *et al.*, appellees.

*Appeal from Lee.*

Where there is a good count in a declaration to support the judgment, a motion in arrest of judgment cannot prevail.

An indorser of a bill of exchange was sued by the third indorsee. At the trial the first indorsee was called as a witness, his name still remaining on the bill. Being objected to by the defendant, the plaintiffs' counsel erased his name by the permission of the Court, and the defendant excepted, because the plaintiffs were not present and the counsel produced no authority to erase his name: *Held,* that he became a competent witness, and not being liable to the defendant, the latter could not object to the erasure, nor call for the authority of counsel to make it.

One of the jurors who tried a cause was security for costs therein, and objection was raised on that account, on a motion for a new trial: *Held,* that the law would presume that the party had knowledge of the pleadings and files in the cause, and that he could not allege surprise as a ground for a new trial; but the fact would have been good cause of challenge, and neglecting to avail himself of it, he must be presumed as having waived the objection.

In a suit by indorsees against their immediate indorser for non-payment, proof of non-payment and notice are sufficient to sustain it.

In an action between an indorsee and his immediate indorser, the bill of exchange is evidence under the common count.

ASSUMPSIT upon a bill of exchange, &c. The cause was tried in the Lee Circuit Court, at the September term 1842, before the Hon. Thomas C. Browne and a jury. The suit was brought by the appellees against the appellant. The jury returned a verdict in favor of the plaintiffs below for $593·94, and judgment was entered thereon at the May term 1843, as of the previous term.

The pleadings and evidence are set forth in the Opinion of the Court.

*O. Peters,* for the appellant:

I. By withdrawing the motion in arrest of judgment until the motion for a new trial was disposed of, the defendant in the Court below was not precluded from renewing his motion in arrest.

Bradshaw *v.* Hubbard *et al.*

II.   Alexander Charters was an incompetent witness; being an indorser of the bill subsequent to the defendant, he was interested in having the plaintiffs recover, so as to relieve himself as subsequent indorser.   *Gorham* v. *Hays,* 2 Scam. 432.

III.   The bill of exchange ought not to have been received in evidence, because

1.   The first count contains no sufficient averment of presentment, protest and notice, to authorize the evidence to be received.   The contract of an indorser is, that he will pay the bill, if the prior parties do not, and that proper demand shall be made and notice given.   These are material, and must be averred and proved.   1 Chitty's Pl. 362, 361, and the precedents in 2 Chitty's Pl. 155, and *post.*

2.   Nor was the bill admissible under the common counts. In England the rule is, that, even in an action by the holder against the acceptor, the bill is not evidence under the common counts.   22 Eng. Com. Law R. 223.   But numerous authorities determine, that in an action by a remote indorsee against a remote indorser the plaintiff cannot recover on the common counts, because there is no privity between them. *Mandeville* v. *Riddle,* 1 Peters' Cond. R. 313; Chitty on Bills, 8th Am. Ed. 594, note 1.

3.   The plaintiffs had no interest in the bill.   The bill itself showed that there were subsequent indorsers, and those indorsements had not been cancelled.

4.   There was no proof that plaintiffs had paid the bill to a subsequent indorser or holder; or if they had, that they had not been notified so as to charge them.   If they paid after they were released, they did so in their own wrong and cannot recover of the defendant.

IV.   The Court should have granted a new trial, because

1.   Gilbraith, the juror, was so interested as indorser as to disqualify him.   *Gorham* v. *Hayes,* before cited.

2.   He was equally incompetent by reason of being security for the costs.   A juror should be free from interest or bias; a less interest should disqualify a juror than a witness.   Graham's Prac. 304.   When it is discovered after a trial, that a juror was incompetent, the proper remedy of the party is to

move for a new trial. *Nomaque* v. *The People*, Bre. 111; *Guykowski* v. *The People*, 1 Scam. 480; *Gardner* v. *The People*, 3 do. 88; *Sellers* v. *The People*, Ib. 414; *Jeffries* v. *Randall*, 14 Mass. 205.

*J. Butterfield*, for the appellees.

The Opinion of the Court was delivered by

SCATES, J.* *Assumpsit* upon the indorsement of a bill of exchange drawn by Bruner in favor of Bradshaw, and upon C. J. Manning for $500, payable ten days after sight.

The first was a special count upon the indorsement and delivery of the bill by Bradshaw to the defendants here, and avers that the same was duly presented and shown for payment thereof, and that payment was duly required; but that neither Bruner, nor any person on his behalf, would pay the same, whereof Bradshaw had notice.

The second count was for work and labor done; goods, wares and merchandize sold; money lent, laid out and expended, had and received, &c. Plea, general issue.

There was a rule taken upon the plaintiffs below to file a bond for costs, and a bond accordingly filed with Smith Gilbraith as security. A trial and verdict for the plaintiffs. The defendant below moved for a new trial, which was overruled; and also moved in arrest of judgment, which was also overruled, and judgment for plaintiffs below.

From the bill of exceptions it appears, that Bradshaw, in support of his motion for a new trial, read the affidavit of W. W. Heaton, his attorney, and another affidavit made by himself.

Heaton states, in his affidavit, that the bill of exchange was offered in evidence, as also a paper purporting to be a protest of a Notary Public in New York city, but not attached to the bill of exchange, both of which he prays may be taken as a

---

* THOMAS, J. by reason of affinity to one of the parties, did not sit at the hearing of the cause, and gave no opinion.

part of his affidavit; that said protest was read as evidence of presentment to Manning for acceptance; that plaintiff also proved by Alexander Charters, that he, witness, received a written notice of protest of the bill by mail, and about the same time, witness called upon Bradshaw and told him, he, witness, had such a notice, and that defendant told witness, that he, defendant, had also received a notice. Witness did not recollect when this notice was sent to him, nor from whom it came, or what it contained, nor did he know any more about Bradshaw's notice, than what Bradshaw told him. Deponent, Heaton, further stated, that this was the substance of all the testimony offered upon the trial of this cause. He further stated that Smith Gilbraith, one of the jurors, who tried the case, was an indorser on said bill prior to the plaintiffs below, and subsequent to Bradshaw, and that the bill had been read to the jury, before deponent, or, as he believes, Bradshaw, or any one on his behalf, discovered that Gilbraith's name had not been stricken out; that said Gilbraith was also security for cost for plaintiffs, which was in like manner unknown to him or Bradshaw, on account that said bond for cost had only been filed a few minutes before the trial, and that he did not discover it until the jury left the box.

Bradshaw also made an affidavit, that he was not apprised of either fact until after trial.

The motion in arrest was made at the same time with the motion for a new trial, but was withdrawn, and after the new trial was refused, the motion in arrest was renewed and overruled.

The introduction of Charters as a witness was objected to by the defendant, on the ground that he was an indorser prior to the plaintiffs, and subsequent to the defendant. Whereupon, the plaintiffs' attorney struck out the name of Charters as indorser, with permission of the Court, to which defendant excepted, because plaintiffs were not present, and the attorney produced no authority to do so. Charters was sworn and testified as above, and the presentation to and nonpayment of said bill by Bradshaw.

The errors assigned are, the permission to give evidence

of the presentation for, and refusal of acceptance by Manning; in permitting Charters to testify; and in overruling the motions for a new trial, and in arrest of judgment.

In relation to the motion in arrest, I would simply remark, that it can not prevail where there is a good count in the declaration to support the judgment. The first count upon the bill is bad, for want of a sufficient averment of presentment of the bill for payment; but the second count is good.

The question of the competency of Charters as a witness is not fully presented by the record. The ground of the objection was, that he was an indorser of the bill between the plaintiffs and defendant. The bill of exchange is not transcribed into the record as a part of the bill of exceptions, although referred to as a part of it. We cannot, therefore, say that the objection was well taken. It appears, however, that the plaintiffs' attorney admitted the fact by asking leave, and striking out the name of Charters. This removed the objection, and restored the competency of Charters. The further objection, that plaintiffs' attorney had no right, and produced no authority, to strike out the name of the indorser, does not lie in the defendant's mouth, as Charters could not become liable to him as an indorser, being subsequent on the bill, and no particular interest being shown to subsist, which would prejudice the defendant.

In answer to the objection to the juror, Gilbraith, on the same account, it is sufficient to say, that it no where appears in the bill of exceptions, as appearing in evidence, that he was indorser. The affidavit for a new trial states the fact, but it is not shown, that it so appeared in evidence to the Court, because the bill of exchange is not set out in the record.

The objection to the same juror that he was security for cost, is not well taken. The party will not be allowed to allege as a surprize, and a ground of a new trial, that he was ignorant, in fact, of the pleadings and files in the case. In law he will be presumed to have knowledge of such facts. It would have been good cause of challenge, but which he must be presumed, at this stage of the proceedings, to have waived.

There was no averment of presentation of the bill to Manning for acceptance; and although the defendant excepted to the opinion of the Court admitting proof of such fact, yet had it been proven, it would have been irrelevant. I do not see how it could have prejudiced the defendant, or influenced the finding of the jury, as there was no such issue.

The suit was brought by indorsees against their immediate indorser for non-payment, and in such an action, proof of non-payment and notice are sufficient to sustain the action. And between such parties, the bill of exchange is evidence under the common count. 1 Peters' Cond. R. 167; 4 Phil Ev. 39 of notes, and note 55; *State Bank* v. *Hurd*, 12 Mass. 172.

Judgment affirmed with cost.*

*Judgment affirmed.*

---

*The counsel for the appellant filed a petition for a re-hearing, which was denied.